UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIANN MORALES SALAZAR,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. C26-3348-SKV<br><br>ORDER DISMISSING HABEAS PETITION AS MOOT |

Petitioner, proceeding with counsel, initiated this 28 U.S.C. § 2241 immigration habeas action on September 15, 2026. Dkt. 1. In the petition, Petitioner sought immediate release from custody or a court-ordered bond hearing. *Id.*

On September 30, 2026, Respondents filed a return, requesting dismissal of the petition as moot. Dkt. 5. Respondents noted that, on September 24, 2026, an immigration judge granted Petitioner's request for a bond redetermination and ordered her release on bond, and that Immigration Customs and Enforcement (ICE) released Petitioner on bond under an order of recognizance (OREC) on the following day. *Id.*; Dkt. 6, ¶¶ 9-11; Dkt. 7, Ex. A (Order of Release) & Ex. B (OREC). Petitioner did not submit a reply.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual,

ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Here, because Petitioner's federal habeas petition sought only release from detention or a bond hearing, his claims have been fully resolved and there is no collateral consequence that could be redressed by the Court. *See id*. The Court, accordingly, DISMISSES Petitioner's petition for writ of habeas corpus, Dkt. 1, as moot.

Dated this 14th day of October, 2026.

S. KATE VAUGHAN
United States Magistrate Judge